# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1998

FILED

April 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| THOMAS RAY TARPLEY, | ) | C.C.A. NO. 01C01-9704-CC-00125 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | WAYNE COUNTY |
| VS. | ) | |
| | ) | HON. JIM T. HAMILTON |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF WAYNE COUNTY

FOR THE APPELLANT:

J. MICHAEL O'NEIL
P.O. Box 60125
Nashville, TN 37206

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General
Washington Square Building
2nd Avenue North
Nashville, TN 37201

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

DAVID H. WELLES, JUDGE

# ORDER

The Petitioner, Thomas Ray Tarpley, appeals the trial court's order denying his petition for writ of habeas corpus. He was indicted for rape, aggravated kidnapping, robbery and assuming official character, which led to his convictions for rape, aggravated kidnapping, assuming official character and petit larceny. See State v. Thomas Ray Tarpley, C.C.A. No. 1203, Hamilton County (Tenn. Crim. App., Knoxville, June 11, 1991) perm. to appeal denied (Tenn. 1991). He argues that his convictions are void because the indictments charging him with the offenses are fatally defective because they fail to allege the requisite mens rea. We affirm the judgment of the trial court dismissing the petition.

The Petitioner filed his petition for habeas corpus relief on August 10, 1996. The State filed a motion to dismiss the petition without a hearing, which was granted by the trial court in an order entered on January 31, 1997. The Petitioner nows appeals the judgment of the trial court.

In support of his petition and argument, the Petitioner relies primarily upon the decision of this Court in State v. Roger Dale Hill, C.C.A. No. 01C01-9508-CC-00267, Wayne County, (Tenn. Crim. App., Nashville, June 20, 1996). We first note that this Court's decision in Hill was based upon an interpretation of our new criminal code, and this code is applicable only to offenses occurring after November 1, 1989. The Petitioner was indicted for offenses that occurred on

April 29, 1989. Secondly, our supreme court has reversed this Court's decision in Hill. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997).

In the case sub judice, we have examined the language of the challenged indictments and we conclude that the indictments adequately alleged the criminal offenses charged and sufficiently informed the Petitioner of the charges against him such that the convicting court had jurisdiction. We see no reason for further discussion or analysis. The Petitioner's convictions are not void. Thus, he has no cognizable claim for the purposes of post-conviction relief or habeas corpus relief. See Charles Edward Orren v. State, C.C.A. No. 03C01-9704-CR-00141, Johnson County (Tenn. Crim. App., Knoxville, Feb. 13, 1998); George F. Jones, Jr. v. State, C.C.A. No. 03C01-9702-CR-00062, Johnson County (Tenn. Crim. App., Knoxville, Feb. 3, 1998); Randy Blaine Knight v. Carlton, Warden, C.C.A. No. 03C01-9705-CR-00162, Johnson County (Tenn. Crim. App., Knoxville, Jan. 26, 1998); Perry C. Riley v. State, C.C.A. No. 03C01-9705-CR-00181, Morgan County (Tenn. Crim. App., Knoxville, Jan. 23, 1998); Roy A. Burch v. State, C.C.A. No. 03C01-9610-CR-00391, Johnson County, (Tenn. Crim. App., Knoxville, Jan. 16, 1998); State v. Darel G. Bolin, C.C.A. No. 03C01-9212-CR-00450, Cumberland County (Tenn. Crim. App., Knoxville, Jan. 15, 1998); Joseph Ronald Duclos v. State, C.C.A. No. 03C01-9705-CR-00182, Morgan County (Tenn. Crim. App., Knoxville, Jan. 16, 1998);State v. Rogers L. McKinley, C.C.A. No. 03C01-9612-CR-00455, Bledsoe County; (Tenn. Crim. App., Knoxville, Jan. 6, 1998); Timothy Wayne Johnson v. Bowlen, Warden, C.C.A. No. 03C01-9611-CR-00443, Bledsoe County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Darryl Douglas Sheets v. State, C.C.A. No. 03C01-9701-CR-00031, Johnson County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Jerry Cox v. State,C.C.A. No.

03C01-9610-CR-00392, Johnson County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Bruce Belk v. State, C.C.A. No. 03C01-9703-CR-00109, Morgan County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Abel Rodriguez, Jr. v. State, C.C.A. No. 03C01-9612-CR-00463, Greene County (Tenn. Crim. App., Knoxville, Dec. 23, 1997); Donald Wayne Holt v. State, C.C.A. No. 03C01-9702-CR-00059, Johnson County (Tenn. Crim. App., Knoxville, Dec. 23, 1997; Gene Hibbard v. State, C.C.A. No. 03C01-9702-CR-00077, Knox County (Tenn. Crim. App., Knoxville, Dec. 23, 1997).

We conclude that no error of law requiring a reversal of the judgment is apparent on the record. Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE

-4-